[Civ. No. 5632. Second Appellate District, Division One.—May 3, 1929.]

LEW MOCH, Respondent, v. H. A. SAVOY et al., Appellants.

Henry E. Carter for Appellants.

P. C. Rentfro for Respondent.

McLUCAS, J., *pro tem.*—Action was brought to recover judgment for money loaned and money had and received by the defendant for the use and benefit of the plaintiff, arising out of the sale and financing of automobile trucks. Defendant denied the indebtedness and filed a counterclaim for the construction of a building for the plaintiff. Trial was had without a jury, and judgment was granted for plaintiff in the sum of $2,668.38 and against defendant on his counterclaim. Defendant appeals from the judgment.

Defendant was engaged in the business of selling trucks and plaintiff financed the deals by loaning money to defendant on the sale contracts as collateral. It was stipulated at the trial that at the commencement of the transaction defendant was indebted to the plaintiff in the sum of $2,090. As security for this indebtedness three certain contracts were turned over to the plaintiff by the defendant. Plaintiff testified that these contracts were never assigned and none of the contracts received in evidence showed an assignment thereof, although there were blank forms attached to said contracts for that purpose.

Appellant does not raise any question on the denial of the items in the counterclaim, but contends that the judgment is erroneous in failing to allow certain credits for payments received by plaintiff on the sale contracts of three certain trucks. We have examined the evidence with respect to the credits made for payments and believe the evidence contained in the record to be sufficient to support the findings of the trial court. In such cases the findings will not be disturbed. (2 Cal. Jur. 918.) No good purpose would be served in discussing these items in detail. While it is true that defendant Savoy testified that he delivered a truck to one Guthroe and that Guthroe told defendant he was paying $400 for the truck, yet we find no direct evidence that plaintiff ever received $400 or any other sum from Guthroe, and the payment is not included in plaintiff's testimony. Plaintiff testified from his book accounts, while defendant relied on his memory. Furthermore, the defendant testified that plaintiff received only $1200 on that contract and we find that defendant is given credit by plaintiff for payments on the contract of $564 by Campbell and $650 by Walker, making a total of $1214.

Appellant assigns as error the conduct of the trial judge as showing prejudice against the witnesses and attorney for the defendant. Upon examination of the record we find no such prejudice to be shown by the trial court.

Judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.